**NOTICE:  SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

Filed
Washington State
Court of Appeals
Division Two

March 29, 2022

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| In the Matter of the Detention of: | No. 55500-0-II |
| L.N. | ORDER GRANTING |
| | MOTION TO PUBLISH OPINION |
| Appellant. | |

The respondent, Department of Social and Health Services, filed a motion to publish the opinion that was filed on January 4, 2022. After consideration, it is hereby

ORDERED that the final paragraph, which reads as follows, shall be deleted: "A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record pursuant to RCW 2.06.040, it is so ordered." It is further

ORDERED that this opinion is now published.

**PANEL:** Jj. LEE, CRUSER, PRICE

**FOR THE COURT:**

_Price, J._

PRICE, J.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Detention of:<br>L.N., | No. 55500-0-II |
| STATE OF WASHINGTON, | |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| L.N., | |
| Appellant | |

PRICE, J. — L.N. appeals the superior court's order committing him for 180 days of involuntary treatment. L.N. argues that there was insufficient evidence to support the superior court's finding that L.N. committed acts constituting third degree assault. We affirm.

FACTS

On June 30, 2020, the State filed a petition for 180 days of involuntary treatment. The petition alleged L.N. was gravely disabled. The petition also alleged that criminal charges were dismissed based on a finding of incompetence, L.N. committed acts constituting a felony, and L.N. presented a substantial likelihood of repeating similar acts.

Jane Davis testified at the hearing on the State's petition. Davis testified that she was a registered nurse at the Auburn Medical Center working in the Adult Psychology Unit and that she was working on November 30, 2019. While Davis was talking to another patient in the ward, L.N. hit her in the head. L.N. struck Davis repeatedly in the head and she lost consciousness.

No. 55500-0-II

Dr. Mallory McBride, a psychologist at Western State Hospital (WSH), also testified at the hearing. Dr. McBride testified that L.N. was diagnosed with schizoaffective disorder. She also testified that L.N. was gravely disabled. And Dr. McBride opined that L.N. was likely to commit similar acts to his assault of Davis. Dr. McBride explained that L.N. had several assaultive incidents after his admission to WSH.

The superior court found that L.N. had felony charges dismissed because he was found incompetent. The court also found that L.N. committed acts constituting third degree assault by assaulting Davis, a registered nurse. And the superior court found that as a result of a behavioral health disorder, L.N. presented a substantial likelihood of repeating similar acts. Additionally, the superior court found that L.N. was gravely disabled.[1]

The superior court ordered 180 days of involuntary treatment. L.N. filed a motion to reconsider arguing that the State failed to prove Davis was a registered nurse. The superior court denied L.N.'s motion to reconsider, finding that Davis's testimony was credible.

L.N. appeals.

ANALYSIS

L.N. argues that the State failed to present proof that Davis was a registered nurse because, in part, the State did not present an admissible copy of her nursing license. Therefore, L.N. argues

---

[1] L.N. does not appeal the superior court's finding that he was gravely disabled. Therefore, the superior court's order would be affirmed regardless of whether the superior court erred in determining that L.N. committed acts constituting a felony. However, because prior involuntary commitment orders may be considered in future commitment proceedings, this appeal is not moot. *In re Det. of M.K.*, 168 Wn. App. 621, 629-30, 279 P.3d 897 (2012).

3

No. 55500-0-II

that the superior court erred by finding that L.N. committed acts constituting a felony. We disagree.

The State must prove the elements required for commitment by clear, cogent, and convincing evidence. RCW 71.05.310. We will not "disturb the superior court's findings 'if supported by substantial evidence which the lower court could reasonably have found to be clear, cogent[,] and convincing.'" *In re Det. of B.M.*, 7 Wn. App. 2d 70, 85, 432 P.3d 459, *review denied*, 193 Wn.2d 1017 (2019) (quoting *In re Det. of LaBelle*, 107 Wn.2d 196, 209, 728 P.2d 138 (1986)). Evidence is substantial if the trier of fact could determine that the ultimate issue is "highly probable." *LaBelle*, 107 Wn.2d at 209.

Under RCW 71.05.280(3) a person may be committed for 180 days of involuntary treatment if the person is determined to be incompetent and criminal charges have been dismissed, has committed acts constituting a felony, and presents a substantial likelihood of repeating similar acts as a result of a mental disorder. A person commits third degree assault if he assaults a nurse who was performing his or her nursing duties at the time of the assault. RCW 9A.36.031(1)(i). For the purposes of RCW 9A.36.031(1)(i), a nurse is a person licensed under chapter 18.79 RCW. Under RCW 18.79.030(1), it is unlawful for a person to practice as a registered nurse without being licensed under chapter 18.79 RCW.

Here, Davis testified that she was a registered nurse and that she was working at the time L.N. assaulted her. Davis's testimony, which the superior court found to be credible, makes it highly probable that Davis was a registered nurse. And Davis could not be a registered nurse without being licensed under chapter 18.79 RCW. Therefore, Davis's testimony is sufficient evidence to establish that she was working as a nurse at the time L.N. assaulted her.

4

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 55500-0-II

Because there was sufficient evidence establishing that Davis was working as a nurse, there was sufficient evidence to support the superior court's finding that L.N. committed acts constituting a felony. Accordingly, the superior court did not err in its order committing L.N. for 180 days of involuntary treatment or by denying L.N.'s motion for reconsideration.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

LEE, C.J.

CRUSER, J.

5